NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| GLADYS YURITZI GONZALEZ MAGANA; JAIME BARRAGAN AYALA; J. G. B.-G.; L. B.-G., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-5929 <br><br> Agency Nos. <br> A245-435-486 <br> A087-433-852 <br> A245-435-505 <br> A245-435-527 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2026**
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and TUNG, Circuit Judges.

Gladys Yuritzi Gonzalez Magana, Jaime Barragan Ayala, and their two minor

children, all natives and citizens of Mexico, seek review of a decision of the Board

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Immigration Appeals ("BIA") dismissing their appeal of the decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Petitioners challenge only the agency's conclusion that their proposed particular social group ("PSG") of "Mexican orchard farm workers" was not cognizable. Substantial evidence supports the agency's conclusion that Petitioners failed to demonstrate that Mexican society recognizes orchard farm workers as a socially distinct group. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) ("The [agency's] conclusion regarding social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact that we review for substantial evidence." (quoting *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020))).

Although the country conditions report that Petitioners rely upon mentions the agricultural industry when discussing generally applicable labor laws, the report does not shed light on whether society views orchard farm workers as a socially distinct group. The only other piece of evidence that Petitioners rely upon is a news article, which they contend demonstrates that the cartel views orchard farm workers as a distinct group. But social distinction is assessed from the perspective of society rather than the perspective of the persecutor. *See Diaz-Torres v. Barr*, 963 F.3d 976,

2                                                                                          25-5929

980 (9th Cir. 2020). Consequently, Petitioners have not identified evidence in the record that compels a conclusion contrary to the one reached by the agency. *See id.* at 980–81.

Because Petitioners failed to raise landownership as an element of their PSG in the agency proceedings, they failed to exhaust the landownership-related arguments raised in their opening brief. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Petitioners also waived any challenge to the agency's denial of their CAT claim by failing to raise it in their opening brief. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).

**PETITION DENIED.**[1]

---

[1] The motion for stay of removal [Dkt. Entry No. 3] is DENIED as moot.

25-5929